IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **Nicholas J. Guaetta**<br>**907 Woodridge Lane**<br>**Liberty, MO 64068,**<br><br>     **Plaintiff,**<br><br>  vs.<br><br>**Compass Group USA, Inc.**<br>**d/b/a Chartwells,**<br><br>**[Serve its registered agent:**<br>**The Corporation Company**<br>**515 South Kansas Avenue**<br>**Topeka, Kansas 66603],**<br><br>     **Defendant.** | Case No. 10-CV-2487 JTM/KMH |

## COMPLAINT

1. This case arises under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.* and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*

2. Plaintiff was born in 1947.

3. Defendant owns and operates a division called "Chartwells."

4. Chartwells is in the business of providing institutional food service, primarily for public and private educational institutions.

5. Plaintiff was employed by defendant as the food service director at Fort Hays State University (FHSU).

6. Plaintiff worked for defendant from August 2006 to January 2010.

- 2 -

7. Plaintiff lived and worked in the State of Kansas throughout his employment with defendant.

8. Throughout plaintiff's employment, defendant was an "employer" within the meaning of the ADA.

9. Throughout plaintiff's employment, defendant was an "employer" within the meaning of the ADEA.

10. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

11. This Court has personal jurisdiction over the parties.

12. Venue is proper in this Court.

13. Throughout his employment with defendant, plaintiff was a competent employee.

14. Throughout his employment with defendant, plaintiff was a diligent employee.

15. Throughout his employment with defendant, plaintiff was a loyal employee.

16. In or around September 2009, plaintiff began reporting to a new district manager named Daniel Eusebio.

17. Shortly after Mr. Eusebio became plaintiff's district manger, plaintiff let Mr. Eusebio know of his disability (insulin dependent diabetes).

18. In October 2009, Mr. Eusebio stated that he wanted to replace plaintiff as the food service director at Fort Hays State University with a "fresh face."

19. Mr. Eusebio told plaintiff that the decision to replace him at FHSU was not based on his performance.

20. Mr. Eusebio also told plaintiff that he would be offered another position with the company.

21. Mr. Eusebio asked if plaintiff was willing to relocate to another Chartwells location.

22. Plaintiff told Mr. Eusebio that he was willing to relocate.

23. In November 2009, the company transferred Adam McMiller from Whitewater, Wisconsin to Hays, Kansas as plaintiff's replacement.

24. Adam McMiller is approximately 30 years old.

25. In November 2009, plaintiff contacted defendant's Human Resources Department and reported that he believed his removal from FHSU was based on age discrimination.

26. Plaintiff filed an EEOC charge of discrimination against defendant on or about December 11, 2009.

27. The EEOC sent defendant a Notice of Charge of Discrimination on December 17, 2009.

28. On December 23, 2009, plaintiff discussed a potential "special projects" position with Mr. Eusebio.

29. The job description for the "special projects position" required travel 85% of the time.

30. Plaintiff told Mr. Eusebio that he could not take a position that required a lot of travel because of his disability.

31. Defendant refused to modify the "special projects" position to accommodate plaintiff's disability.

32. Defendant refused to offer plaintiff any other position.

33. On January 5, 2010, Mr. Eusebio told plaintiff that his employment was being terminated because he had refused the "special projects" position.

34. On March 24, 2010, plaintiff filed an amended charge of discrimination with the EEOC.

35. On June 8, 2010, the EEOC issued a right-to-sue notice with respect to plaintiff's original and amended charges of discrimination.

36. Plaintiff has met all administrative requirements and deadlines for filing this suit.

### COUNT I – AGE DISCRIMINATION – REMOVAL FROM FHSU

37. Defendant's decision to replace plaintiff at Fort Hays State University was based on age discrimination.

38. Defendant thereby violated plaintiff's rights under the ADEA.

39. As a direct result of his unlawful termination, plaintiff sustained damage in the form of lost income and benefits.

40. Defendant's violation of the ADEA was willful.

### COUNT II – ADEA RETALIATION

41. Defendant's insistence on an 85% travel requirement for the special projects position and/or its refusal to transfer plaintiff to another position were based on retaliation because plaintiff had stated his opposition to age discrimination to defendant's

Human Resource Department and/or because plaintiff had filed an age discrimination charge with the Equal Employment Opportunity Commission.

42. Defendant thereby violated plaintiff's rights under the ADEA.

43. As a direct result of his unlawful termination, plaintiff sustained damage in the form of lost income and benefits.

44. Defendant's violation of the ADEA was willful.

### COUNT III – DISABILITY DISCRIMINATION – REMOVAL FROM FHSU

45. Defendant's decision to replace plaintiff at Fort Hays State University was based on disability discrimination.

46. Defendant thereby violated plaintiff's rights under the ADA.

47. As a direct result of his unlawful termination, plaintiff sustained actual damage, including lost income and benefits, emotional distress and humiliation, and relocation expenses.

48. Defendant's violation of the ADA was sufficiently culpable to warrant an award of punitive damages.

### COUNT IV – ADA DISCRIMINATION AND FAILURE TO ACCOMMODATE

49. Defendant's insistence on an 85% travel requirement for the special projects position and/or its refusal to offer plaintiff another position were based on disability discrimination and/or failed to reasonably accommodate plaintiff's disability.

50. Defendant thereby violated plaintiff's rights under the ADA.

51. As a direct result of his unlawful termination, plaintiff sustained actual damage, including lost income and benefits, emotional distress and humiliation, and relocation expenses.

52.     Defendant's violation of the ADA was sufficiently culpable to warrant an award of punitive damages.

WHEREFORE, plaintiff seeks entry of judgment against defendant on each of his claims herein, together with an award of actual damages, liquidated damages pursuant to the ADEA, punitive damages under the ADA, attorney fees, costs, expenses, and such other relief as the Court deems proper.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on every issue so triable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates the place of trial as Kansas City, Kansas.

Respectfully submitted,

SCHUMAKER CENTER FOR EMPLOYMENT LAW, P.C.

/s/ Larry M. Schumaker
By _____
Larry M. Schumaker        D. Kan. #70450

10401 Holmes Road, Suite 480
Kansas City, Missouri 64131
Telephone:    816.941.9994
Facsimile:    816.941.8244
E-mail:       larryschumaker@sbcglobal.net

ATTORNEY FOR PLAINTIFF